Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000593
31-AUG-2016
08:48 AM

NO. CAAP-15-0000593

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARISA K. PICKETT,
Claimant-Appellee/Appellant,
v.
CHEESECAKE FACTORY RESTAURANTS, INC.,
Employer-Appellant/Appellee,
and
AMERICAN ZURICH INSURANCE COMPANY,
Insurance Carrier-Appellant/Appellee,
and
GALLAGHER BASSETT SERVICES, INC.,
Insurance Adjuster-Appellant/Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-126 (DCD NO. 2-12-01648))


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Claimant-Appellee/Appellant Marisa K. Pickett (**Pickett**) appeals from the "Decision and Order" entered on July 27, 2015 by the Labor and Industrial Relations Appeals Board (**LIRAB**).

On appeal, Pickett contends the LIRAB erred in: (1) reducing her requested attorney's fees based on an hourly rate of $165 per hour; and (2) considering qualitative factors based on the subjective experience of LIRAB members in upholding the reduction.

## I.  BACKGROUND

Pickett began working for Employer-Appellant/Appellee Hawaii Cheesecake Factory Restaurants Inc. (**Employer**) on

September 30, 2010. On March 12, 2011, Pickett sustained a an injury while working, for which she filed a workers' compensation claim.

The Disability Compensation Division of the Department of Labor and Industrial Relations (**DCD**) issued a decision compensating Pickett for her injuries on April 14, 2014. Employer appealed from the decision to the LIRAB on May 2, 2014.

On May 20, 2014, Employer filed a notice of deposition for Pickett, which was scheduled to take place on January 16, 2015. Employer took the oral deposition of Pickett and agreed to pay for Pickett's attorney's fees and costs associated with the deposition, but no agreement was reached as to the billable hourly rate for Pickett's attorney.

By letter dated January 21, 2015, Stanford H. Masui (**Masui**), counsel for Pickett, submitted to the LIRAB a "Request for Approval of Attorney's Fee" at the hourly rate of $210 for 10.5 hours of work. Masui stated that he had thirty years of experience in workers' compensation cases, participated in over one hundred cases before the DCD over the last three years, and participated in approximately fifty cases before the LIRAB over the last three years. The request also listed Erin Masui as an attorney for Pickett, and described her as having two years of experience in workers' compensation cases, participating in about thirty cases before the DCD over the last three years, and participating in approximately ten cases before the LIRAB over the last three years.

Employer submitted an objection to Masui's request for attorney's fees on February 2, 2015. Employer objected to Masui's requested rate of $210 per hour as "excessive." Employer reasoned, "[t]his is especially so since his hourly rate reflected in his prior Request for Approval of Attorney's Fee submitted to the [DCD] dated 3/25/14 in this very same case is $160." Aside from Masui's earlier request for fees, Employer provided no other documentation or evidence relevant to its objection to Masui's requested hourly rate.

2

On February 5, 2015, the LIRAB granted Masui's request for attorney's fees at the reduced hourly rate of $165. In its "Attorney's Fee Approval and Order," the LIRAB stated:

> 4. In reviewing the subject fee request the [LIRAB] took into account the benefits obtained for [Pickett] in this appeal, the novelty and difficulty of issues involved on appeal, the amount of fees awarded in similar appeals, and the hourly rate customarily awarded workers' compensation attorneys possessing similar skills and experience, including [Masui's] years of practice in the field of workers' compensation law, the number of clients represented before the [LIRAB], as well as [Masui's] responsiveness and timeliness.
>
> 5. In this case, the [LIRAB] does not approve the requested attorney hourly rate of $210.00. An hourly rate of $165.00 for [Masui] is reasonable and is consistent with that customarily awarded to attorneys possessing similar skills and experience before the [LIRAB].
>
> 6. [Masui] has practiced in the field of workers' compensation law in Hawaii for approximately 30 years.
>
> 7. In the past three years, [Masui] has represented approximately 100 clients before the [DCD] and approximately 50 clients before the [LIRAB].
>
> 8. 10.50 hours were reasonably required to address the complexities of the issues involved on appeal.
>
> 9. Costs in the amount of $21.00 are reasonable.
>
> 10. The total amount of $1,835.14, including fees and costs, is reasonable.

On March 9, 2015, Masui submitted a motion for reconsideration of the LIRAB's order approving the attorney's fee at a reduced hourly rate. Masui attached a declaration stating the basis for his requested rate of $210 per hour. Masui declared:

> 6. The basis for the hourly fee rate of $210, was the result of a meeting held on Dec. 22, 2014 of [sic] the Director of Labor and Industrial Relations, Dwight Takamine, who extended the meeting invitation to claimants' attorneys who handle a "substantial number of workers' compensation cases". Among the concerns discussed was to "ensure adequate access to legal assistance for claimants".
>
> 7. Mr. Takamine announced a new fee schedule to be implemented no later than Jan. 1, 2015 for all work going forward, without the need to submit additional request forms. The attorneys were specifically advised that they may bill at the rates indicated based on years of experience, and if questions arose as to other factors (such

3

as the statutory criteria), the DCD would request further information or clarification. It is my information that several attorneys have received fee approvals from the DCD based on the new schedule.

8. I have been licensed since 1976, and have been engaged in private practice since 1982. The first private law firm I was employed was [sic] with Gary Galiher and Associates, whose practice involved accident cases and asbestos litigation. The asbestos litigation involved hundreds of clients, including class action mass torts. Virtually all cases [were] workers' compensation companion cases involving asbestos exposure. Many of the cases involved federal workers' compensation, but also State of Hawaii cases for many who were employed in private shipyards, boiler, and automotive repair companies.

9. I carried a caseload of about 200 cases at all times at that firm. My subsequent private employment with Takahashi, Masui, and Vasconcellos, as the chairman is aware, also required a caseload of 100-200 workers' compensation cases at all times. My subsequent solo practice has continued to involve 100-150 workers' compensation cases at all times. It is safe to say that I have represented thousands of injured workers in the last thirty years.

10. The most recent "raise" in the hourly rate for myself was in 2012 to a rate of $160 per hour. The previous approved rate was $155 per hour which was allowed in 2006. The increased rate of increase to $160 and hour from 2006 to 2012 was therefore less than a $1.00 per year.

11. An increase in approved hourly rate to $210 in 2015 represents an increase of only $15 per year, from 2012 to 2015.

12. I have been approved by the courts at the rate of $325 for civil cases and recently billed a deposition at $325, which was accepted by the defense attorney. Based on information and belief, attorneys in private litigation practices in Honolulu are presently charging at the rate of $300-400+ per hour (see Memorandum of Law submitted with this Declaration).

13. I have previously submitted a letter to the [LIRAB] urging a review of the allowable fee rates, which have in past practice followed the DCD, by adding an additional $5.00 per hour, which is an arbitrary method. Since the number of appeals and the type of issues both substantive and procedural have become more complex and esoteric the hourly fee basis should also require a wholesale review and upgrading by the [LIRAB]. Additionally, the [LIRAB] may continue to review attorney fee request for reasonableness under sec. 386-94 [Hawaii Revised Statutes (**HRS**)] regardless of the hourly rate charged.

. . . .

15. It is my understanding and belief that most civil litigation attorneys will not accept workers' compensation cases due to the complexity, frustration, and low hourly rates. It is also common knowledge among workers' compensation practitioners that most claimant's attorneys will not accept cases where compensability is at issue, where there are psychological injuries only, discipline

4

cases, limited impairment, as well as government employees. It is further my observation that most of the experienced claimant's attorneys are middle aged or older and younger attorneys are not getting involved in workers compensation, so the effect of artificially low rates has been to reduce access to legal representation for injured workers.

In the accompanying motion, Masui argued on behalf of Pickett that "access to legal assistance and justice for injured workers should be encouraged," that "[l]ower rates will inevitably lead to increased litigation, and further discourage representation of injured workers[,]" and the "'hourly rate customarily awarded attorneys possessing similar skills and experience' should reflect the prevailing fee rates in the community, including the DCD rates[.]" Masui attached documents supporting his motion for reconsideration, including a "matrix" based on hourly rates allowed by a 1983 case in the federal district court in the District of Columbia; a letter dated December 10, 2014 signed by Dwight Takamine, Director of the Department of Labor and Industrial Relations, notifying Masui of a meeting regarding the approval of attorney's fees; a table listing the number of years an attorney may have handling workers' compensation cases and the corresponding hourly rates; and a DCD document, dated July 25, 2012, approving Masui's request for an increase in his hourly rate to $160.

On April 16, 2015, Employer submitted its opposition to Pickett's motion for reconsideration. Employer objected, but otherwise provided no evidence of the customary hourly rate at which workers' compensation attorneys are compensated.

The LIRAB issued its decision reconsidering its award of Masui's attorney's fees on July 27, 2015. In its "Decision and Order," the LIRAB stated:

FINDINGS OF FACT

1. On January 16, 2015, Employer took an oral deposition of [Pickett] with [Masui] in attendance.

2. Employer agreed to pay for [Pickett's] attorney's fees and costs for preparing and attending the deposition. There was no discussion or agreement as to [Masui's] billable hourly rate for the deposition.

5

3. At the time of the deposition, [Masui's] approved hourly rate for legal services before the Board was $165.00.

4. On January 27, 2015, [Masui] submitted his Request for Approval of Attorney's Fees for Claimant's deposition ("fee request"). In the fee request, [Masui] requested approval for 10.50 hours of legal services at an hourly rate of $210.00, plus applicable taxes and $21.00 in costs, for a total of $2,330.62.

5. On February 2, 2015, Employer filed its Objections to [Masui's] fee request. Employer's objections were only to [Masui's] hourly rate, and not to the time and costs related to [Pickett's] deposition.

6. On February 5, 2015, the [LIRAB] issued an Approval of Attorney's Fee and Order, approving [Masui's] fees and costs in the amount of $1,835.14 based on an hourly rate of $165.00. The [LIRAB's] Approval of Attorney's Fee and Order was supported by findings of fact and conclusions of law, including a finding that the approved fee award of $1,835.15 at an hourly rate of $165.00 for 10.50 hours of legal work at an oral deposition in this workers' compensation appeal was reasonable.

7. At the time of deposition, [Masui's] hourly rate of $165.00 was the hourly rate customarily awarded to attorneys possessing similar skills and experience in workers' compensation matters before the Board.

8. On March 9, 2015, [Masui] filed his Motion seeking reconsideration of the Board's February 5, 2015 Approval of Attorney's Fee and Order.

9. In support of the Motion, [Masui] submitted a declaration in which he stated that he was approved for an hourly rate increase of $210.00 for legal work at the Disability Compensation Division ("DCD") by Dwight Takamine, the former Director of Labor and Industrial Relations, following a meeting in December 2014 that [Masui] was invited to attend with the former Director and a group of unidentified claimant attorneys who handle a "substantial number of worker compensation cases." [Masui] declared that the hourly rate increase became effective January 1, 2015 without the need for a request to the DCD for an hourly increase. [Masui] further declared that the rate increase was spurred by the former Director's concerns about adequate access to legal assistance for workers' compensation claimants.

10. [Masui] also submitted exhibits in support of his Motion, including a letter . . . from the former Director inviting [Masui] to attend the above-described meeting and a table . . . with hourly rates that purportedly corresponded to the "Number of Years Handling Workers' Comp cases." On this record, the [LIRAB] is unable to identify who created or prepared the table.

11. On March 19, 2015, [Masui] submitted a supplemental exhibit in support of his Motion that included Attorney's Request for Increase in Hourly Rate at the DCD, which was approved by the DCD at $210.00 on March 11, 2015.

12. On April 16, 2015, Employer filed a Memorandum in Opposition to Attorney's Motion.

13. A hearing on [Masui's] Motion was held on April 23, 2015 with [Masui] and Employer's counsel, Jennifer M. Yusi, Esq., in attendance.

CONCLUSIONS OF LAW

. . . .

The [LIRAB] reviews hundreds of fee requests each year from attorneys whose skills and experiences are well known to the [LIRAB]. The [LIRAB] also receives annual or semi-annual requests from attorneys seeking to increase their hourly rates for legal work on appeal.

In approving fee requests, the statute provides that the Director, Board, or Court "may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained by the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded." [HRS § 386-94 (2015 Repl.)]

In evaluating the reasonableness of a fee request, the [LIRAB] also considers the manner and method of billing, such as unreasonable minimum billing increments or block billing that fails to inform the client or the [LIRAB] why the work was reasonably necessary.

In evaluating an attorney's skill, the [LIRAB] considers an attorney's effectiveness in the appellate practice of workers' compensation law. The [LIRAB] does not keep a log or "black book" on attorneys. However, based on its frequent contacts with attorneys who appear before it, the [LIRAB] has a general awareness of the many qualities of a skillful, effective lawyer apart from the factors which simply measure lawyer activity (such as years of experience and number of cases handled).

These qualitative factors include, but are not limited to, preparation for conferences and hearings, professionalism and civility, timely submission of initial conference statements and other documents to meet discovery deadlines, compliance with [the LIRAB] rules and orders, prompt return of telephone calls to the [LIRAB], clients, and opposing parties, timely appearances for conferences and hearings, and obtaining proper settlement authority for settlement conferences.

These qualitative factors to assess skill are also considered by the [LIRAB] in evaluating and reviewing attorney requests to increase hourly rates.

### Workers' Compensation vs. Civil Case

[Masui] appears to be arguing that his $165.00 approved hourly rate for workers' compensation appeals is unreasonable, because it is below the rate for civil litigation attorneys and he has been approved at rates of more than $300.00 per hour for civil cases in the courts.

7

[Masui] considers $210.00 to be a reasonable hourly rate when he is compared with attorneys possessing similar skills and experience in other fields, such as tort, probate, and even criminal law. The [LIRAB] disagrees with [Masui's] arguments. [Masui] did not argue or contend that his approved hourly rate of $165.00 was not a rate that was customarily awarded to attorneys possessing similar skills and experience in State workers' compensation matters before the [LIRAB].

In reviewing or approving an attorney's fee request, HRS § 386-94 allows the [LIRAB] to consider, among other things, an attorney's skill and experience "in State workers' compensation matters" and the hourly rate customarily awarded attorneys possessing similar skills and experience. Accordingly, it follows that the hourly rates customarily awarded attorneys possessing similar skills and experience are those that are awarded in State workers' compensation matters. It makes no sense to consider the customary hourly rates of attorneys in fields other than State workers' compensation law.

Considering all of the above-mentioned factors that the [LIRAB] may use to review or evaluate fee requests and hourly rates, the [LIRAB] determined in its Approval of Attorney's Fee and Order that [Masui's] hourly rate of $165.00 for appeal work at the [LIRAB] level is a rate that is customarily awarded to attorneys possessing similar skills and experience in State workers' compensation matters and that the fees awarded to [Masui] based on this rate are reasonable.

. . . .

### DCD Rate Increase

At the hearing on the Motion, [Masui] represented that at the meeting convened in December 2014, the former Director informed those in attendance that claimant attorney hourly rates for legal services at the DCD would be increased on a sliding scale based on the attorney's years of practice or experience in worker' compensation law. [Masui] argued that with his hourly rate increase, the [LIRAB] should upwardly adjust his hourly rate at the [LIRAB] to meet or exceed $210.00, his approved rate at the DCD.

In its opposition to [Masui's] Motion, Employer questioned whether the former Director's actions constituted improper rule-making without notice and opportunity to be heard.

Without passing judgment on the appropriateness of the increase in [Masui's] hourly rate at the DCD by the former Director, and notwithstanding conflicting evidence from [Masui] that his hourly rate increase at the DCD was not approved and did not take effect until March 11, 2015, the [LIRAB] concludes that there is no statutory requirement that the [LIRAB] must automatically increase attorney hourly rates in tandem with DCD rate increases. Furthermore, the [LIRAB] refuses to cede its statutory authority to review and approve fee requests and attorney hourly rates based on a unilateral rate increase by the former Director that was tied solely to years of experience.

8

(Footnote and brackets omitted.)  The LIRAB denied Masui's motion for reconsideration.

On August 22, 2015, Pickett filed a notice of appeal from the denial of the motion for reconsideration.

## II.  STANDARD OF REVIEW

Appellate review of a LIRAB decision is governed by HRS § 91-14(g) (2012 Repl.), which provides:

> §91-14  Judicial review of contested cases.
>
> . . . .
>
> (g)  Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1)  In violation of constitutional or statutory provisions; or
> >
> > (2)  In excess of the statutory authority or jurisdiction of the agency; or
> >
> > (3)  Made upon unlawful procedure; or
> >
> > (4)  Affected by other error of law; or
> >
> > (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

See Tauese v. Dept. of Labor and Indus. Relations, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006).

An award of reasonable attorney's fees and costs pursuant to HRS § 386-94 (2015 Repl.) is reviewed under the abuse of discretion standard.  See McLaren v. Paradise Inn Hawaii LLC, 132 Hawai'i 320, 331-32, 321 P.3d 671, 682-83 (2014).

## III.  DISCUSSION

HRS § 386-94 governs the award of attorney's fees and costs in workers compensation cases.  HRS § 386-94 provides:

> §386-94  Attorneys, physicians, other health care providers, and other fees.  Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal. Any claim so approved shall be a lien upon the compensation

in the manner and to the extent fixed by the director, the appellate board, or the court.

In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of the issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded.

Any person who receives any fee, other consideration, or gratuity on account of services so rendered, without approval, in conformity with the preceding paragraph, shall be fined by the director not more than $10,000.

The LIRAB is required to set forth its reasons for reducing an award for attorneys' fees and costs. See McLaren, 132 Hawai'i at 330-31, 321 P.3d at 681-82.

McLaren involved an attorney's fee request to the Director of the Department of Labor and Industrial Relations through the DCD. Id. at 322, 321 P.3d at 673. McLaren, the attorney requesting a fee award, had submitted a request for approval of $4,414.08 in attorney's fees and $2,691.44 in costs. Id. The Director approved McLaren's request, but reduced the total award to $3,729.63. Id. McLaren objected to the reduction and requested a written explanation. Id. The DCD responded that McLaren was free to review the DCD claim file. Id. at 323, 321 P.3d at 674. McLaren filed an appeal to the LIRAB. Id. at 324, 321 P.3d at 675. The LIRAB dismissed McLaren's appeal as untimely. Id. McLaren submitted a motion for reconsideration with the LIRAB, which the LIRAB subsequently denied. Id. at 325-26, 321 P.3d at 676-77.

The Hawai'i Supreme Court, holding that McLaren's appeal was timely, addressed the merits of McLaren's appeal. Id. at 328-29, 321 P.3d at 679-80. The supreme court applied the holding in In re Bettencourt, 126 Hawai'i 26, 265 P.3d 1122 (2011), which required court administrative judges to set forth reasons for their reduction of requested attorney's fees in order to enable appellate review of the reduction. McLaren, 132 Hawai'i at 330-31, 321 P.3d at 681-82. The supreme court held that like the administrative judge in Bettencourt, the DCD was

10

required to set forth reasons for the 47% reduction of McLaren's attorney fee request. Id. at 331, 321 P.3d at 682. Although the supreme court in McLaren focused on the need for the DCD to provide an explanation for a reduction in costs so that the LIRAB may review the Director's decision, the reasoning in McLaren is applicable to this situation, in which the LIRAB rather than the DCD is the body awarding and reducing an attorney's fees request under HRS § 386-94.

The LIRAB's explanation for its decision to reduce the requested hourly rate from $210 per hour to $165 per hour was inadequate. In its award, the LIRAB simply stated "In this case, the [LIRAB] does not approve the requested attorney hourly rate of $210. An hourly rate of $165.00 for [Masui] is reasonable and is consistent with that customarily awarded to attorneys possessing similar skills and experience before the [LIRAB]." The LIRAB's statement that $210 was an unreasonable rate while $165 was a reasonable rate does not seem to be based on any evidence before the LIRAB, and the LIRAB's decision was certainly not explained in sufficient detail in its award of attorney's fees. See McLaren, 132 Hawai'i at 330-31, 321 P.3d at 681-82. The LIRAB's recitation of factors enumerated in HRS § 386-94 is not an explanation for its decision to reduce Masui's requested attorney's fees. The LIRAB is required to apply those factors based on evidence submitted to it so that a reviewing body may adequately assess whether the LIRAB abused its discretion. See Id. at 331, 321 P.3d at 682.

The LIRAB's decision upholding the award and denying Pickett's motion for reconsideration of the LIRAB's reduction of Masui's attorney's fees provided no better substantial basis or explanation for the award than its initial decision awarding fees. The LIRAB's decision denying reconsideration was based on four general points: (1) the LIRAB's experience reviewing fee requests; (2) the LIRAB's view that workers' compensation cases are not comparable to civil cases; (3) the LIRAB's disagreement with Masui's argument that the LIRAB should encourage new workers' compensation attorneys to enter the field by increasing

11

claimants' attorney's hourly rates; and (4) the LIRAB's conclusion that the Director's decision on attorney's hourly rates would not influence the LIRAB's determination of reasonable attorney's fees.

The LIRAB's first point provided a generalized statement about its assessment of an attorney's skill. In its Decision and Order, the LIRAB explained the factors it considers in evaluating an attorney's skill under HRS § 386-94. However, the LIRAB then failed to explain how it applied those factors to evaluate Masui's services provided in this case. The LIRAB must base its decision to award or reduce attorney's fees on properly submitted evidence and its application of relevant factors in arriving at a reasonable fee, not just conclusory statements or beliefs about the factors it considers. See McDermott v. United Parcel Service/Liberty Mutual, 57 So.3d 933, 934 (Fla. Dist. Ct. App. 2011).

The LIRAB's second point which concludes that the hourly rates awarded in other types of civil cases is irrelevant to determining a reasonable rate of pay due to a workers' compensation attorney is contrary to the statute it cites. The LIRAB concludes, "[T]he hourly rates customarily awarded attorneys possessing similar skills and experience are those that are awarded in State workers' compensation matters. It makes no sense to consider the customary hourly rates of attorneys in fields other than State workers' compensation law." The LIRAB provides no basis for this conclusion. The language of the statute states that the LIRAB may consider "the hourly rate customarily awarded attorneys possessing similar skills and experience." HRS § 386-94. The statute does not limit the LIRAB's consideration to only other workers' compensation cases. The effect of the LIRAB's reading would be to insulate the LIRAB's fee awards from effective review by essentially allowing the LIRAB to establish a reasonable fee based entirely on its own fee decisions.

The LIRAB's third point was its disagreement with Masui that the LIRAB has or should have a role in encouraging new

12

attorneys to take on workers' compensation cases. The statute allows the LIRAB to consider certain enumerated factors, but is clear that the LIRAB may consider other factors not listed in the statute in its approval of fee requests. See HRS § 386-94. Providing attorneys representing claimants with adequate compensation in order to make the field of workers' compensation sufficiently desirable to attract enough attorneys to represent claimants is consistent with "the broad humanitarian purpose of the workers' compensation statute . . . ." Flor v. Holguin, 94 Hawai'i 70, 79, 9 P.3d 382, 391 (2000) (quoting Lawhead v. United Air Lines, 59 Haw. 551, 560, 584 P.2d 119, 125 (1978)) (describing the court's liberal construction of the workers' compensation statute).

The LIRAB's fourth point about its refusal to be influenced by the DCD's rate of compensation for attorneys in the LIRAB's own determination of a customary hourly rate for attorneys is inconsistent with HRS § 386-94. HRS § 386-94 allows the LIRAB to consider the "hourly rate customarily awarded attorneys possessing similar skills and experience," but the LIRAB, in its Decision and Order, announced its "refus[al] to cede its statutory authority to review and approve of fee requests and attorney hourly rates based on a unilateral rate increase by the former Director that was tied solely to years of experience." The rate at which the DCD compensates attorneys with Masui's skills and experience is certainly relevant to the "hourly rate customarily awarded attorneys possessing similar skills and experience," and the LIRAB's refusal to consider the DCD's rate is questionable.

In neither its decision reducing the requested attorney's fees nor its order denying reconsideration of its reduced award of attorney's fees did the LIRAB adequately set forth its reasons for reducing the award. See McLaren, 132 Hawai'i at 330-31, 321 P.3d at 681-82. Without such an explanation, we are unable to ascertain whether the LIRAB abused its discretion in awarding "reasonable attorney's fees" pursuant to HRS § 386-94. See id.

13

## IV.   CONCLUSION

Therefore, we vacate the "Decision and Order" entered on July 27, 2015 by the Labor and Industrial Relations Appeals Board and remand this case for further proceedings on Masui's request for attorney's fees and costs.

DATED:   Honolulu, Hawaiʻi, August 31, 2016.

On the briefs:

Stanford H. Masui
Erin B.J.H. Masui
(Law Offices of Masui-Masui)
for Claimant-
Appellee/Appellant.

Jennifer M. Yusi
Lisa Strandtman
(Rush Moore)
for Employer-
Appellant/Appellee, Insurance
Carrier-Appellant/Appellee,
and Insurance Adjuster-
Appellant/Appellee.

Chief Judge

Associate Judge

Associate Judge

14